UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| KAROTEH K. SUAH,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SIOUX FALLS, UNKNOWN DETECTIVE, in his/her official capacity, UNKNOWN OFFICER, in his/her official capacity, and UNKNOWN OFFICER, in his/her official capacity,<br><br>Defendants. | 4:21-CV-04032-KES<br><br><br>1915A SCREENING ORDER FOR DISMISSAL |

Plaintiff, Karoteh K. Suah, filed a pro se lawsuit under 42 U.S.C. § 1983. Docket 1. This court granted Suah leave to proceed in forma pauperis and he paid his initial partial filing fee on March 19, 2021. Docket 5.

**I.   Factual Background**

The facts alleged in Suah's complaint are: that on March 2, 2020, Billy Thompson broke into Suah's storage unit and called the police to report narcotics. Docket 1 at 14. Two unknown officers searched the unit without a warrant. *Id.* An unknown detective was contacted, and he/she assembled a raid squad. *Id.*

The unknown detective received a phone warrant and searched "Apartment 301." *Id.* at 15. Suah claims that when he exited the apartment he

1

was handcuffed and detained. *Id.* He asserts that his phone was seized, and the unknown detective questioned him without reading his *Miranda* rights to him. *Id.* Suah claims that Thompson was not criminally charged for his alleged burglary of the storage unit. *Id.* Suah alleges violations of the Fourth, Fifth, and Fourteenth Amendments and seeks $1.5 million as damages. *Id.* at 14-16.

## II.   Legal Standard

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the complaint's

allegations are true." *Twombly*, 550 U.S. at 555; *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "[are] (1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

### III. Legal Analysis

#### A. Claims against the City of Sioux Falls

Suah names the City of Sioux Falls as a defendant. Docket 1 at 2. A municipal government may only be sued "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," deprives a plaintiff of a federal right. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978). Suah does not allege that the City of Sioux Falls has unconstitutional policies or customs, thus his claims against the City of Sioux Falls are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

#### B. Official Capacity Claims[1]

Suah sues SFPD defendants in their official capacities. Docket 1 at 2-3. Claims against SFPD defendants in their official capacities are the equivalent of

---

[1] The court will refer to the unknown police officers and the unknown detective collectively as "SFPD defendants".

a lawsuit against the City of Sioux Falls. See *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Because Suah does not state a claim against the City of Sioux Falls, his claims against SFPD defendants in their official capacities are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

### C. Individual Capacity Claims

#### 1. Fourth and Fifth Amendment

Suah claims that the SFPD defendants violated his Fourth and Fifth Amendment rights. *See* Docket 1 at 14-15. Suah asserts that these alleged actions led to him being charged and convicted in state court in docket 41CRI-20-000169.[2] Suah alleges that if the underlying evidence used to convict him was obtained in violation of the Fourth and Fifth Amendments, his conviction is unconstitutional. He also seeks monetary damages. *Id.* at 16.

Under the *Heck* doctrine "in order to recover damages for [an] allegedly unconstitutional conviction or . . . for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" a plaintiff must show that the "conviction or sentence [was] reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck v. Humphrey*. 512 U.S. 477, 486-87, 489 (1994). Suah has not claimed that his conviction has been

---

[2] On October 30, 2020, Second Judicial Circuit Judge for the state of South Dakota, Rachel R. Rasmussen, sentenced Suah to eight years' imprisonment to run concurrent to the sentence imposed in 49CRI19-1958. *State v. Suah*, 41CRI20-000169. Suah pleaded guilty to distribution or possession with intent to distribute marijuana in violation of SDCL § 22-42-7. *Id.* Suah moved to withdraw his guilty plea but Judge Rasmussen denied the motion to withdraw.

4

reversed, expunged, declared invalid or impugned by the granting of a writ. Thus, his Fourth and Fifth Amendment claims are barred by *Heck* and dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### 2.  Equal Protection

Liberally construing Suah's complaint, he alleges that his right to equal protection under the law was violated when SFPD defendants allegedly misconstrued their reports and arrested Suah and not Thompson. *See* Docket 1. "[T]he Constitution prohibits selective enforcement of the law based on considerations such as race [or a suspect classification]." *Whren v. United States*, 517 U.S. 806, 813 (1996) (noting that a selective enforcement of the law claim arises under the Equal Protection Clause of the Fourteenth Amendment). A plaintiff must show that the officer exercised discretion to enforce the law on account of a suspect classification "which requires proof of both discriminatory effect and discriminatory purpose." *Johnson v. Crooks*, 326 F.3d 995, 1000 (8th Cir. 2003) (stating that when a plaintiff alleged the officer's traffic stop was due to his race, he had stated a "cognizable equal protection claim.") (citing *United States v. Armstrong*, 517 U.S. 456, 465 (1996)).

Here, Suah asserts that SFPD defendants "misconstrued the police report in order to not charge Billy Thompson for his criminal acts against my property," and because charges were not filed against Thompson this shows that Suah and Thompson were "not bestowed [equal] protection of [the] law." Docket 1 at 15. Suah has not alleged facts to support that the SFPD defendants engaged in selective enforcement of the law based on a suspect

5

classification. Thus, his equal protection claim is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1)..

### IV.     28 U.S.C. 1915(g) Strike

Suah's complaint fails to state a claim upon which relief may be granted. Section 1915(g) states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This order is Suah's first strike under § 1915(g).

Thus, it is ORDERED:

1. That Suah's complaint is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1). This is Suah's first strike under 28 U.S.C. § 1915(g).

2. That Suah's motion for "subpoena duces tecum" (Docket 6) is denied as moot.

Dated March 30, 2021.

                          BY THE COURT:

                          /s/ *Karen E. Schreier*
                          KAREN E. SCHREIER
                          UNITED STATES DISTRICT JUDGE